# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SHAR PADGETT HANULCIKOVA, | |
| Plaintiff(s), | 2:08-cv-1662-RLH-PAL |
| vs. | **O R D E R** |
| THOMAS L. EISENMAN, *et al.*, | (Motion for Remand–#6) |
| Defendant(s). | |

Before the Court is Plaintiff's Motion for Remand (#6, filed December 2, 2008). No response or opposition has been filed.

Local Rule 7-2(d) provides that failure to file points and authorities in opposition to a motion constitutes a consent that the motion be granted. *Abbott v. United Venture Capitol, Inc.* 718 F.Supp. 828, 831 (D. Nev. 1989). It has been said these local rules, no less than the federal rules or acts of Congress, have the force of law. *United States v. Hvass*, 355 U.S. 570, 574-575 (1958); *Weil v. Neary*, 278 U.S. 160, 169 (1929); *Marshall v. Gates*, 44 F.3d 722, 723 (9th Cir. 1995). Accordingly, Defendants have consented to the Motion.

Furthermore, in this personal injury–automobile accident case, the Defendants are citizens of the State of Nevada. Title 28 U.S.C. § 1441(b) permits removal only "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Accordingly, removal was improper and this matter must be remanded.

/ / / /

1

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand (#6) is GRANTED and this matter is remanded to the state court from whence it came.

Dated: February 24, 2009.

_____
Roger L. Hunt
Chief United States District Judge

2